UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE B. CISLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02510-SEB-DLP |
| | ) | |
| DALE BANDY, | ) | |
| ERIC RAWLINS, | ) | |
| CRAIG CRAIGE, | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis*, Screening Complaint, Dismissing Insufficient Claims and Directing Service of Process**

**I. *In Forma Pauperis***

The plaintiff's motion for leave to proceed without prepaying fees or costs, dkt [3], is **granted** because the Court finds that the plaintiff does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id*. § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening Standard

The plaintiff is a prisoner currently incarcerated at the Pendleton Correctional Facility (Pendleton). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint alleges that on May 10, 2018, the plaintiff was picked up by defendants Indiana Department of Correction Transportation Officers Dale Bandy and Eric Rawlins from the Dallas County Sheriff's Department, in Dallas, Texas. He was in the psychiatric unit at the Dallas County Jail at the time. The plaintiff has a long history of mental health issues.

During the trip back to Indiana, the plaintiff suffered a severe mental health episode such that Bandy and Rawlins contacted defendant Warden Craig Craige for guidance. Craige instructed Bandy and Rawlins to call the Arkansas State Police for assistance. The plaintiff was taken to the

Hot Springs, Arkansas, Jail where he was placed in a restraint chair by defendant John Doe 2 and an inmate trustee. The plaintiff was taken to a secure cell. He remained in the restraint chair for the next 10 hours, but did receive two three minute restroom breaks. He was also assaulted by Bandy. Bandy forced the plaintiff to tuck his penis into his anus.

He asked for medical attention while he was in the restraint chair. The next morning, John Doe 1 arrived and two additional transport officers, including Officer Davis, from Indiana arrived to finish transporting the plaintiff to Indiana.

They drove straight through to the Reception and Diagnostic Center (RDC) in Plainfield, Indiana. Because they did not stop, the plaintiff was forced to urinate and defecate on himself.

Upon arrival at RDC, Craige wrote the plaintiff up on three frivolous disciplinary actions. He was given 105 days solitary confinement, and now is being held beyond his out date.

The plaintiff is receiving pain medication for the injuries he sustained as a result of being confined in the restraint chair.

### III. Insufficient Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Claims against all unknown John Doe defendants are **dismissed for failure to state a claim upon which relief can be granted** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

The plaintiff's Eighth Amendment claim that he was forced to urinate and defecate on himself while they were traveling to Indiana is **dismissed** for failure to state a claim. *See*

*Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) (inmate failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated on himself and was forced to remain in his soiled clothing for four to five hours because the officers refused to remove his restraints so he could use the toilet); *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (prisoner who was restrained in handcuffs and shackles for 24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation); *Samu v. Stewart*, 1:10-CV-857, 2011 WL 4064289 (W.D. Mich. June 6, 2011) report and recommendation adopted, 1:10-CV-857, 2011 WL 4074781 (W.D. Mich. Sept. 13, 2011) (an isolated and relatively short delay in permitting a prisoner to use a restroom is not the sort of deprivation that implicates the Eighth Amendment).

The plaintiff's claim that the defendants violated the Eighth Amendment when they failed to call a medical care provider during his transport from Texas to Indiana is **dismissed** for failure to state a claim. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id*. The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

A delay of mental health treatment for 1-2 days while the plaintiff was being transported to Indiana did not deprive the plaintiff of the minimal civilized measure of life's necessities.

Although the plaintiff does not challenge the disciplinary sanctions he received when he returned to the RDC, such claims are not cognizable in a § 1983 action and are properly brought in a 28 U.S.C. § 2254. As such, the plaintiff's request for relief in the form of a preliminary and permanent injunction ordering defendant Craige to address the frivolous write-ups may not proceed in this action.

### IV. Claims That May Proceed

The plaintiff's Eighth Amendment claim for money damages that defendant Bandy assaulted him in a sexual manner **may proceed**.

The plaintiff's Eighth Amendment claim for money damages that defendant Bandy secured him in a restraint chair and tightened the restraints too tight causing him lasting pain **may proceed**.

### V. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VI. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Dale Bandy in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## VII. Summary

The plaintiff's motion to proceed *in forma pauperis*, dkt. [3], is **granted**.

The plaintiff's Eighth Amendment claim for money damages that defendant Bandy assaulted him in a sexual manner **may proceed**.

The plaintiff's Eighth Amendment claim for money damages that defendant Bandy secured him in a restraint chair and tightened the restraints too tight causing him lasting pain **may proceed**.

The plaintiff's motion requesting service of process, dkt. [5], is **denied** as unnecessary.

**IT IS SO ORDERED**.

Date: 8/29/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE B. CISLO
149961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DOC Employee to be electronically served:

Dale Bandy
Reception and Diagnostic Center Transport Officer